# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
November 4, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PATRICIA CHAMBERS,**
**Claimant Below, Petitioner**

**vs.)    No. 14-0651** (BOR Appeal No. 2049005)
                    (Claim No. 2008025620)

**JACKSON COUNTY COMMISSION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Patricia Chambers, by Otis R. Mann Jr, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Jackson County Commission, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated May 27, 2014, in which the Board affirmed a November 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 26, 2013, decision to deny the request to reopen the claim for payment of temporary total disability benefits. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Chambers was working as a janitor for Jackson County Commission on December 18, 2007, when she was injured. According to the report of injury, her foot slipped on some gravel and she twisted her left knee. On December 26, 2007, Ms. Chambers reported to Daniel Trent, D.O., for an evaluation of her left knee. Dr. Trent signed her application for workers' compensation benefits and diagnosed a left knee sprain. Dr. Trent further opined that she would not miss any more than four days due to the injury. On January 7, 2008, the claims administrator held the claim compensable for a left knee sprain. On April 4, 2008, the claims administrator

1

determined that Ms. Chambers was not disabled for more than three days related to her sprain so her claim was closed for temporary total disability benefits.

On May 31, 2011, Ms. Chambers reported to Stephanus Serfontein, M.D., complaining of pain in her left knee related to her 2007 sprain. On July 6, 2011, Ms. Chambers reported to Clifford Roberson, M.D., for an orthopedic evaluation. Dr. Roberson's diagnosis was chronic right knee pain, internal derangement of the right knee, atrophy of the left lower extremity, and internal derangement of the left knee. Dr. Roberson requested an MRI of the left knee. The claims administrator denied the request for an MRI. On February 1, 2013, Ms. Chambers underwent an MRI of her left knee. It was interpreted as revealing a small amount of joint effusion, a possible anterior cruciate ligament injury with abnormal signal intensity and a possible lateral meniscus tear, which was degenerative in nature, and a parameniscal cyst was also seen adjacent to lateral meniscus. Based upon the MRI, a follow-up was suggested.

On February 12, 2013, Ms. Chambers underwent anterior cruciate ligament reconstruction surgery. The surgery was not covered under workers' compensation. A reopening application dated April 9, 2013, was signed by Dr. Roberson, which requested that the diagnosis of a meniscus tear of the left knee and old disruption of the anterior cruciate ligament of the left knee be added to the compensable diagnosis of the claim. Dr. Roberson indicated that there had been aggravation or progression of Ms. Chambers's disability since she was released to return to work. Dr. Roberson requested physical therapy and certified Ms. Chambers as temporarily and totally disabled from March 11, 2013, through June 11, 2013.

Rebecca Thaxton, M.D., performed a record review on September 13, 2011. Dr. Thaxton opined that Ms. Chambers continuing disability following the surgery should not be covered under the claim because the surgery was not covered under the claim, was in no way was related to a compensable diagnosis, and was not a progression or aggravation of the compensable injury. The claims administrator denied Ms. Chambers reopening application on June 26, 2013, and she protested.

The Office of Judges determined that the claim should not be reopened for further temporary total disability benefits. The Office of Judges noted that Dr. Roberson requested temporary total disability benefits from March 11, 2013, through June 11, 2013, due to the February 12, 2013, surgery to repair her anterior cruciate ligament tear in the left knee. The Office of Judges determined that the anterior cruciate ligament tear was not a compensable diagnosis in this claim. The Office of Judges noted that the only accepted diagnosis was a left knee sprain in 2007. The Office of Judges also noted that the anterior cruciate ligament reconstruction surgery was not authorized under this claim. Accordingly, the Office of Judges determined that the claims administrator's decision to deny the reopening request was correct. The Office of Judges determined that the request was not based upon an aggravation or progression of a compensable diagnosis. The Office of Judges also found that the evidence did not support a finding that the anterior cruciate ligament tear was causally related to the compensable injury of December 18, 2007. The Office of Judges noted that the evidence showed that Ms. Chambers received no medical treatment for her left knee injury from approximately 2007 until 2011, which supported the inference that her sprain and anterior cruciate ligament tear

were not related. The Office of Judges further noted that Dr. Roberson's diagnosis of chronic pain and internal derangement of the uninjured right knee further supported its decision because it suggests that Ms. Chambers's most recent left knee symptoms were unrelated to the compensable injury.

We agree with the Office of Judges and Board of Review. There is not enough credible or reliable evidence to show that the anterior cruciate ligament surgery and the resulting period of disability is in any way related to the 2007 sprain. On the other hand, there is ample evidence that the anterior cruciate ligament tear and the knee symptoms were not related to the 2007 injury. Ms. Chambers sprained her knee in 2007 and did not seek medical treatment for her anterior cruciate ligament problems until 2011. In 2012, her treating physician Dr. Serfontein noted that she had significant left knee pain due to a recent injury. She also returned to work after her 2007 sprain and continued to work by her own admission until March 12, 2013. Furthermore, her MRI and anterior cruciate ligament reconstruction surgery have not been approved under this claim. Because Ms. Cambers surgery on her anterior cruciate ligament was not related to a compensable injury, temporary total disability benefits for her recovery from that surgery were properly denied by the Office of Judges and Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  November 4, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3